BAD RIVER LUMBERING & IMPROVEMENT COMPANY, Respondent, vs. KAISER, Appellant.

*March 25 — April 12, 1892.*

**Oral agreement to convey land: Conditions: Sale of intoxicating liquors: Injunction.**

Plaintiff, being the owner of a saw-mill, put defendant in possession of certain lots in the vicinity of its said mill and the residences of its employees, under an oral agreement to give him such lots if he would erect a boarding house thereon; and defendant erected such boarding house accordingly. A further condition of the gift was that defendant should not keep or sell intoxicating liquors on the premises, but there was no express agreement that a condition to that effect should be inserted in the conveyance. *Held,* that the conveyance should contain such condition, and that defendant would be enjoined from keeping or selling intoxicating liquors on the premises until he should accept such a conveyance.

APPEAL from the Circuit Court for *Ashland* County.

In 1884 the plaintiff corporation owned a town site called "Bad River," in Ashland county, and was operating a saw-mill thereon. The settlers in Bad River were mostly employees of the company. In that year the company, by one Knab, its general manager, agreed to donate to the defendant certain lots in such plat, on condition that he erect a boarding house thereon. The lots were to be conveyed to him when the building should be erected and the plat recorded. He erected such building pursuant to the agreement, and the plat was afterwards recorded. The plaintiff claims that there was an oral understanding and agreement between it and the defendant that the latter should not sell or keep intoxicating liquors on said lots, and that the conveyance thereof, when executed, should contain a condition to that effect.

In 1889 the defendant commenced altering his building, with the avowed purpose of opening a saloon thereon for

Bad River Lumbering & Improvement Co. vs. Kaiser.

the sale of intoxicating liquors. The plaintiff company thereupon tendered to him a deed of such lots, executed by it, for his execution and acceptance. It contained a condition subsequent against selling or keeping intoxicating liquors on the lots, with a forfeiture clause for condition broken. The defendant refused to accept the deed. Thereupon the plaintiff brought this action. It sets forth in its complaint the facts, and alleges the agreement as above stated. The defendant, by his answer thereto, denies the agreement, and admits that he is about to do the acts charged.

After trial of the action the court filed findings of fact, to the effect that the agreement stated in the complaint was made by the parties. Judgment for the plaintiff was duly entered, requiring it to execute a conveyance of the lots to defendant, containing the aforesaid condition subsequent, for his acceptance, and enjoining him from keeping or selling intoxicating liquors on the lots until he accept such conveyance. Defendant appeals from the judgment.

For the appellant the cause was submitted on the brief of *Dockery & Kingston.*

For the respondent there was a brief by *Lamoreux, Gleason, Shea & Wright,* and oral argument by *E. F. Gleason.*

LYON, C. J. The testimony is practically undisputed that one of the conditions of the donation of the lots in question to defendant was that he should not keep or sell intoxicating liquors thereon. This is fairly deducible from the testimony of both Knab and the defendant, who negotiated the agreement, and there is really no testimony to the contrary. Besides, it appears to have been the settled policy of the plaintiff company to prevent, as far as possible, the sale of intoxicating liquors in the vicinity of its mill and the residences of its employees. This most wise policy it attempted to carry out by inserting in all conveyances of lots in Bad River, executed by it, conditions sub-

sequent against the sale of intoxicating liquors on the lots conveyed.

There is no proof of an express agreement that such condition should be inserted in the conveyance to the defendant. Nothing was said on the subject between Knab and the defendant. We think, however, that the condition in such conveyance is essential to the full execution of the parol agreement, on the faith of which the company put defendant in possession of the lots and agreed to donate and convey the same to him. It would be absurd to hold that the agreement ceased to be operative as soon as the parol executory agreement became merged in the conveyance, which might have occurred in a few months, or even weeks, after the agreement was made. This would defeat the manifest and most praiseworthy purpose of the agreement. We conclude, therefore, that the court did not err in holding that the conveyance of the lots to be executed by the company to the defendant should contain the condition subsequent above mentioned. It is also entirely clear that the defendant should be enjoined from keeping or selling intoxicating liquors upon the lots in question until he accepts a conveyance containing such condition.

*By the Court.*— The judgment of the circuit court is affirmed.